IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78803-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER EVANS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: August 19, 2019 |
| | ) | |

PER CURIAM — Christopher Evans appeals a no-contact order entered following his guilty plea to second-degree burglary, domestic-violence. He contends the order -- which prohibits his contact with the mother of his child for five years – potentially interferes with his relationship with his child and violates his fundamental right to parent. He asks this court to strike the no-contact order and remand for the sentencing court to consider whether the order is narrowly tailored in scope and duration. We affirm, but remand for correction of a clerical error.

We review crime-related prohibitions for abuse of discretion. In re Personal Restraint of Rainey, 168 Wn.2d 367, 374-75, 229 P.3d 686 (2010). If the prohibition interferes with a fundamental constitutional right, such as the fundamental right to parent one's children, we review it more carefully to ensure that it is "sensitively imposed" and "reasonably necessary to accomplish the

essential needs of the State and public order." Rainey, 168 Wn.2d at 374, 229 P.3d 686 (quoting Warren, 165 Wash.2d at 32, 195 P.3d 940).

Evans contends the no-contact order imposed in this case impermissibly interferes with his fundamental right to parent. But the State points out, and Evans does not dispute, that this court recently rejected essentially the same argument in upholding an even longer no-contact order between a father and the mother of his child. State v. Phillips, 6 Wn.App.2d 651, 675-76, 431 P.3d 1056 (2018). In Phillips, the trial court entered a ten-year no contact order between Phillips and the mother of his child. The mother and Phillips requested contact by mail, but the sentencing court denied the request, stating "[t]he facts in this case were just too egregious and I don't think that even communication that's nonphysical in nature would necessarily be safe or appropriate." Phillips, 6 Wn.App.2d at 675. This court flatly rejected Phillips' claim that the no-contact order made it "impossible for him to parent his child and violates his fundamental constitutional right to raise his child without state interference." Id. at 676. We stated:

> In this case, the court did not restrict communication between Phillips and his child, only between Phillips and Sara and Talbert. Phillips does not contest the legality of the order. All of the cases Phillips relies upon specifically consider no-contact orders directly barring contact between a parent and their child. Although not having contact with Sara will make access to his child more difficult, it does not necessarily restrict contact between Phillips and his child. Rainey even suggests, "supervised visitation without the mother's presence" as an alternative to a no-contact order with the child. Rainey, 168 Wash.2d at 378, 229 P.3d 686.
> The State has a compelling interest in preventing future harm to the victims of the crime and in protecting children. Rainey, 168 Wash.2d at 377, 229 P.3d 686; State v. Corbett, 158 Wash. App. 576, 598, 242 P.3d 52 (2010). Here, Sara was a victim of the assault, and the jury found the

2

aggravator that Talbert and the infant child were present at the time of the assault. The evidence even demonstrated the infant was in the middle of the physical altercation. It was within the trial court's discretion to enter a 10-year no-contact order, and, based on the facts in this case, doing so was reasonably necessary to protect Sara and Talbert from Phillips.

Phillips, 6 Wn.App.2d at 676.

Similarly, the record in this case indicates that Evans broke into the pregnant mother's apartment and beat her for an extended period of time. A no-contact order was plainly necessary to protect the mother from Evans. And like the no-contact order in Phillips, the order in this case does not prohibit contact between Evans and his child. The State correctly points out that, as in Phillips, contact between Evans and his child can still "be arranged and addressed in multiple ways, including family law court, through counsel as allowed by the no-contact order, or through family and friends who have contact with the child." Evans does not dispute this assertion or address our decision in Phillips.

Evans' argument that the superior court failed to consider narrowly tailoring the order as required by Rainey ignores the fact that Rainey involved a no-contact order between a defendant *and his child.* Furthermore, the record indicates that the court in fact considered and rejected a narrower order. Like the court in Phillips, the court in this case considered the mother's request for limited contact with the defendant/father to facilitate interactions with their child, but rejected the request due to safety concerns. However, the trial court in this case and in Phillips indicated they would consider authorizing limited contact if the fathers completed a treatment program.

Evans fails to demonstrate that the no-contact order violated his right to parent his child and/or that the court abused its discretion by imposing it.

Last, Evans contends, and the State concedes, that the judgment and sentence contains a clerical error in the form of a checked box for the $100 DNA collection fee. The parties agree that the court orally waived the DNA fee, reduced his total financial obligation accordingly, but forgot to correct the checked box for the fee. We accept the concession of error and remand with directions to correct the clerical error on the judgment and sentence.

Affirmed in part and remanded in part.

FOR THE COURT:

_____

Chun, J.

_____

Andrus, J.